IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRED ABDELHAQ, | ) | CASE NO. 1:15 CV 35 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| THE CITY OF LAKEWOOD *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

## Introduction

Before me,[1] in this federal question matter wherein Fred Abdelhaq asserts that Alan Benno and the City of Lakewood violated several federal and state provisions[2] during the citation and prosecution of Abdelhaq, are cross-motions for full or partial summary judgment.[3] The court has jurisdiction over federal claims under 28 U.S.C. § 1331, with discretionary supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. The relevant parties have responded in opposition to the various summary judgment

---

[1] The parties have consented to my jurisdiction, ECF # 7 and the matter has been transferred to me, ECF # 9.

[2] ECF # 1 (complaint); ECF # 47 (first amended complaint); ECF # 51 (second amended complaint).

[3] ECF # 54 (defendants' motion for summary judgment); ECF # 55 (Adbelhaq's motion for partial summary judgment).

motions,[4] and replies have been filed to the responses.[5] For the reasons that follow, the defendants' motion for summary judgment will be granted, and Abdelhaq's motion for summary judgment will be denied in full.

**Facts**

The necessary, undisputed facts will be briefly stated here, with relevant facts being discussed further in the analysis.

On September 9, 2013, Abdelhaq arrived at the location where his sister, Samira Zeitoun, had her vehicle breakdown.[6] Officer Beno, had responded to a report of the broken down car, which was located on a busy exit ramp on Interstate 90.[7] Zeitoun called Abdelhaq and her other sister and had notified the insurance company, who were to send a tow truck.[8] After approximately 15 minutes of waiting, Beno called the police department's contracted tow truck company, Kufner Towing.[9]

Abdelhaq asked Beno for permission to speak with the tow truck operator in order to

---

[4] ECF # 61 (defendants' opposition to motion for partial summary judgment); ECF # 62 (Abdelhaq's opposition to motion for summary judgment).

[5] ECF # 64 (Abdelhaq's reply in favor of motion for partial summary judgment); ECF # 65 (defendants' reply in favor of motion for summary judgment).

[6] ECF # 54 at 9; ECF # 55 at 5.

[7] *Id.*

[8] *Id.*

[9] *Id.*

2

attempt to arrange a private tow.[10] Beno acquiesced, and Abdelhaq spoke to the tow truck driver, but the conversation turned into an argument,[11] which continued during several back and forth encounters.[12] Abdelhaq then took out his cellphone in order to videotape the situation.[13] The tow truck operator made an obscene gesture towards Abdelhaq during the course of the argument.[14]

When Kufner Towing–which had been called by Beno–arrived, Zeitoun's sister's van was parked in front of Zeitoun's car.[15] Officer Beno asked Abdelhaq to have the sister move her car.[16] Abdelhaq promptly had the car moved.[17] Zeitoun became unruly during the course of the incident, and three officers successfully restrained her after a brief altercation.[18] During this altercation, Beno and Abdelhaq were engaged in a conversation, the nature of which is disputed by both parties.[19] During this continued altercation, Officer Beno

---

[10] ECF # 54 at 10; ECF # 55 at 5.

[11] *Id.*

[12] ECF # 54 at 10; ECF # 55 at 6.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] ECF # 54 at 11; ECF # 55 at 6.

[18] ECF # 54 at 13; ECF # 55 at 8.

[19] *Id.*

instructed Abdelhaq not to leave.[20] Beno asked Abdelhaq if he had any weapons on his person, which Abdelhaq responded affirmatively to, indicating he had a knife used for his job.[21] Beno then searched Abdelhaq.[22] Beno cited, but did not arrest, Abdelhaq for obstruction of justice and confiscated his phone to preserve the video for evidence.[23]

**Procedural History**

Abdelhaq was convicted of obstruction of official business by a jury in the Lakewood Municipal Court.[24] The court of appeals later overturned his conviction.[25]

Adbelhaq filed suit in State Court which the defendants' removed into this court.[26] Abdelhaq presents a variety of federal claims under 42 U.S.C. § 1983 and various state law claims.[27] The complaint was amended twice, resulting in the following claims:

> Count One: §1983 claim premised on an alleged violation of Plaintiff's First Amendment Right to film police officers against Officer Beno and the City of Lakewood;
>
> Count Two: §1983 claim premised on alleged retaliation in

---

[20] *Id.* at 12; ECF # 55 at 8.

[21] ECF # 54 at 12; ECF # 55 at 10.

[22] *Id.*

[23] ECF # 54 at 13; ECF # 55 at 10.

[24] ECF # 54 at 13; ECF # 55 at 11.

[25] *Id.*

[26] ECF # 1.

[27] ECF # 51 (second amended complaint).

4

|                | violation of the First Amendment by Officer Beno and the City of Lakewood; |
|----------------|---|
| Count Three:   | §1983 claim alleging a violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure against Officer Beno and the City of Lakewood; |
| Count Four:    | §1983 claim alleging a violation of Plaintiff's Fourteenth Amendment right to equal protection against Officer Beno and the City of Lakewood; |
| Count Five:    | §1983 *Monell* claim against City of Lakewood; |
| Count Six:     | state law claim for False Arrest against Officer Beno; |
| Count Seven:   | §1983 claim for False Arrest against Officer Beno; |
| Count Eight:   | state law claim for Malicious Prosecution against Officer Beno and the City of Lakewood; |
| Count Nine:    | §1983 claim for Malicious Prosecution against Officer Beno and the City of Lakewood; |
| Count Ten:     | state law claim for False Imprisonment against Officer Beno; and; |
| Count Eleven:  | state law claim for Battery against Officer Beno.[28] |

The defendants' filed a motion for summary judgment,[29] and the plaintiffs filed a motion for partial summary judgment.[30] The plaintiffs motion was for summary judgment on

---

[28] *Id.*

[29] ECF # 54.

[30] ECF # 55.

all claims except for claim seven.[31] Each filed an opposition to the other's motion.[32] Each party filed a response to the opposition.[33]

## Analysis

### A. Standard of review

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[34] The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[35]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[36] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[37] The court will view the summary judgment motion "in the light most

---

[31] *Id.*

[32] ECF # 61; ECF # 62.

[33] ECF # 64; ECF # 65.

[34] Fed. R. Civ. P. 56(c).

[35] *Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[36] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[37] *Id.* at 252.

favorable to the party opposing the motion."[38]

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.[39] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[40] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[41] In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[42] However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[43]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[44] The nonmoving party may not simply rely on its pleadings, but must "produce

---

[38] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[39] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir.2005) (citing *Celotex*, 477 U.S. at 322).

[40] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir.2004) (quoting *Anderson*, 477 U.S. at 248-49).

[41] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[42] *Id.* at 252.

[43] *March v. Levine.*, 249 F.3d 462, 471 (6th Cir.2001).

[44] *Anderson*, 477 U.S. at 256.

7

evidence that results in a conflict of material fact to be solved by a jury."[45] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[46]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"[47] Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[48]

However, the district court may consider evidence not meeting this standard unless the

---

[45] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir.1995).

[46] *BDT Products, Inc. V. Lexmark Int'l Inc.*, 124 Fed.Appx. 329, 331 (6th Cir. 2005).

[47] *Wiley v. United States,* 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988)).

[48] *Id.* at 225-26 (citations omitted).

opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[49]

As a general matter, the judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[50] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[51] The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[52]

> In sum, proper summary judgment analysis entails:
> the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

**B.    Application of the standard**

The parties have submitted cross-motions for full or partial summary judgment. In that context, all parties agree that resolution of the federal claims in these motions essentially

---

[49] *Id.* at 226 (citations omitted).

[50] *Anderson*, 477 U.S. at 248.

[51] *Id.* at 249.

[52] *Id.*

9

turns on the single issue of whether the initial arrest was supported by probable cause.[53]  And as Abdelhaaq observes, the state law claims - 6, 8 and 10 - also center on the purported lack of probable cause,[54] and so may also be adjudicated by resolution of that question.  The remaining issue - claim 11, asserting a state law claim that Officer Beno committed battery - has not been raised by Abdelhaaq in his motion for summary judgment,[55] and the defendants contend it is now waived.[56]  Even if not waived, I decline to take jurisdiction over that single remaining state law claim given resolution of all other claims against Abdelhaaq.

To the question of probable cause, Lakewood and Beno assert that notwithstanding an appellate decision overturning Abdelhaaq's conviction in municipal court, the denial of Abdelhaaq's motion for acquittal in that court, together with his subsequent conviction by a jury, establishes the existence of probable cause for the underlying arrest, except where the conviction was obtained by fraud, perjury or other corrupt means.[57] Abdelhaaq, for his part, contends that his conviction was obtained by just such "corrupt means," in that false statements by Officer Bruno in his written complaint, police report of the incident, and testimony at trial removed any presumption of probable cause for the arrest.[58]

---

[53] See, ECF # 54 at 9, 14 (Defendants's motion); ECF # 55 at 18.

[54] ECF # 55 at 19-20.

[55] See, *id*. at i.

[56] ECF # 65 at 1-3.

[57] ECF # 65 (defendants's reply brief) at 6 (citing *Harris v. Bornhorst*, 513 F.3d 503, 520-21 (6th Cir. 2008)(citations omitted)).

[58] ECF # 62 at 10 (citing *Bornhorst,* 513 F.3d at 520-21).

Abdelhaaqs claim that Beno omitted crucial, exculpatory details from his police report and then lied about the incident at trial.[59] Abdelhaaq contends these misstatements "went to the heart of the city's case" and "were justifiably relied on by the jury, causing conviction."[60] Yet, Abdelhaaq also states that these "lies" can be established as falsehoods by just a "cursory analysis" of the video tape of the incident.[61] Indeed, Abdelhaaq maintains that his video is "the unique arbiter of this dispute," because the video tape "does not forget, is not biased, and it presents a clear picture of what occurred ...."[62]

There is no dispute that the jury that convicted Abdelhaaq viewed this video tape at the trial.[63] Accordingly, Abdelhaaq cannot claim that Officer Beno's allegedly fraudulent statements were the reason the "cause" of the jury's decision to conviction but were also easily proven false by even a cursory review of the video tape. Plainly, the same jury viewed the tape and considered the statements of Officer Beno, and then ultimately decided to convict Abdelhaaq.

Thus, even though a divided panel of the Ohio appeals court subsequently reversed Abdelhaaq's conviction, the facts here do not show that the original conviction was obtained

---

[59] ECF # 55 at 18-19.

[60] *Id*. at 19.

[61] *Id*. See also, *id*. at 8 (asserting that the video tape "prove[s] ... these material falsities wrong").

[62] *Id*. at 10.

[63] *Lakewood v. Abdelhaaq*, No. 100857, 2014 WL 5306781, at * 3 (Ohio App. 8th Dist. Oct. 16, 2014); see also, ECF # 61 at 5 (citing record).

because the jury was somehow misled by Officer Beno's statements. The jury, as noted, had both the statements of Officer Beno and what Abdelhaaq himself maintains is the "unique" "clear picture" of the incident, a "cursory" review of which, in Abdelhaaq's own words, effectively undercuts all of Officer Beno's purported lies, misstatements and perjuries.

As such, this is manifestly not similar to *Bornhorst*, the case cited by Abdelhaaq, where a *Brady* violation arising from the prosecutor's failure to supply potentially exculpatory evidence to a defendant resulted in a "fraud upon the court" sufficient to trigger the undue or unfair means exception to the rule that probable cause for a prosecution is presumed in a matter ending in conviction. Here, the evidence Abdelhaaq contends is the best evidence of Officer Beno's purported errors was not in any way withheld from the jury or unknown to it, but rather was shown to it.

Accordingly, under these facts and as detailed above, I cannot conclude that Abdelhaaq has set forth a basis for finding that his trial and conviction are exceptions to the rule that his conviction, though later overturned, establishes that his original arrest and subsequent prosecution were based on probable cause.

Further, because there was probable cause for the arrest and later prosecution, Abdelhaaq cannot maintain any of the federal claims asserted here, and also cannot maintain all but count 11 of the state law claims, the single issue asserting battery by Officer Beno. As noted above, that issue was not argued by Abdelhaaq in his brief supporting the motion
12

for summary judgment and so is now waived.[64] Alternatively, I decline supplemental jurisdiction over that claim under 28 U.S.C. § 1367 (c)(3).

## Conclusion

Therefore, for the reasons stated, the defendants's motion for summary judgment[65] is granted in full, and Abdelhaaq's motion is denied.[66] Defendants's motion to strike the report and affidavit of Abdelhaaq's expert[67] is denied as moot.

IT IS SO ORDERED.

Dated: May 2, 2018             s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[64] *Abdulsalaam v. Franklin Cty. Board of Commr.'s*, 637 F. Supp.2d 561, 578 (S.D. Ohio 2009).

[65] ECF # 54.

[66] ECF # 55.

[67] ECF # 66.